**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| DEMAURIO STEWART,<br><br>        Plaintiff(s),<br><br>v.<br><br>DOLLAR LOAN CENTER, LLC, et al.,<br><br>        Defendant(s). | 2:13-CV-182 JCM (PAL) |

**ORDER**

Presently before the court is plaintiff's motion to remand. (Doc. # 7). Defendant filed a response in opposition (doc. # 10), and plaintiff filed a reply (doc. # 12).

Also before the court is defendant's motion for oral argument regarding the motion to remand. (Doc. # 14).

Also before the court is defendant's motion for leave to file supplemental memorandum. (Doc. # 22). Plaintiff filed a response in opposition (doc. # 23), and defendant filed a reply (doc. # 24).

**I.    Background**

Plaintiff filed his complaint in state court on January 15, 2013, and served the complaint on defendant on January 19, 2013. Defendant timely filed a notice of removal pursuant to U.S.C. § 1446. Plaintiff then timely filed a motion to remand.

**James C. Mahan**
**U.S. District Judge**

## II. Relevant Remand Legal Standard

Any action filed in state court that could have been filed in federal court may be removed by the defendant. 28 U.S.C. § 1441(a). Federal district courts have original jurisdiction over cases and controversies that arise under federal laws pursuant to 28 U.S.C. § 1331.

"Under [ ] longstanding interpretation of the current statutory scheme, the question whether a claim 'raises under' federal law must be determined by reference to the 'well-pleaded complaint.'" *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 808 (1986). "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal question jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *ARCO Envtl. Remediation, L.L.C., v. Dep't of Health and Envtl. Quality of Montana*, 213 F.3d 1108, 1113 (9th Cir. 2000) (quoting *Caterpillar v. Williams*, 482 U.S. 386, 395 (1987)).

## III. Discussion

The court need only look to the face of the complaint to resolve the instant motions. Plaintiff has alleged various unfair debt collection practices by defendant. Plaintiff argues that his action pleads only violations of the Nevada debt collection act, not the federal act. Plaintiff argues that the complaint only incorporates the federal act to the extent it is necessary to resolve the state causes of action. Defendant argues that removal is proper; however, defendant's best argument is summarized as "just look at the face of the complaint."

Plaintiff's first claim of relief is titled "Violations of NRS 604A and 15 U.S.C. § 1692." Additionally, the next ten paragraphs after the caption for the first cause of action read as follows:

    31.    The plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

    32.    The defendants' conduct violated 15 U.S.C. § 1692b(2) . . .

    33.    The defendants' conduct violated 15 U.S.C. § 1692b(3) . . .

    34.    The defendants' conduct violated 15 U.S.C. § 1692c(a)(1) . . .

    35.    The defendants conduct violated 15 U.S.C. § 1692c(a)(3) . . .

    36.    The defendants' conduct violated 15 U.S.C. § 1692c(b) . . .

**James C. Mahan**
**U.S. District Judge**

- 2 -

37. The defendants' conduct violated 15 U.S.C. § 1692d . . .

38. The defendants' conduct violated 15 U.S.C. § 1692d(5) . . .

39. The defendants' conduct violated 15 U.S.C. § 1692f . . .

40. The foregoing acts and omissions of the defendants constitute numerous and multiple violations of the FDCPA(a) through (j) and NRS 604A.930 . . .

(Doc. # 5, Ex. A, compl.).

The court finds that under the well-pleaded complaint rule, plaintiff has alleged a federal cause of action. Plaintiff has clearly alleged violations of the Federal Debt Collection Practices Act, 15 U.S.C. 1692, *et seq*. This court has original, federal question jurisdiction and removal was proper.[1]

### IV.     Miscellaneous Motions

There are two miscellaneous motions that are appropriate for the court to resolve at this point. Defendant filed a motion requesting an oral argument on the motion to remand. (Doc. # 14). The court finds oral argument unnecessary to resolve the motion to remand because the complaint so obviously pleads a federal violation.

Next, defendant filed a motion for leave to file supplemental memorandum regarding its own motion to enforce alternate dispute resolution, or, in the alternative, motion for summary judgment. Defendant seeks to file a memo that evidences an arbitration agreement in plaintiff's engagement letter. Defendant argues the arbitration provision will be important to the court's resolution of its motion to enforce an arbitration agreement. Plaintiff opposes the motion on the theory that this court must first resolve the motion to remand. The court has now resolved that issue and will retain jurisdiction.

Defendant may file its supplemental memorandum. Defendant shall file the memorandum within ten days of this order. Plaintiff may respond to defendant's supplemental memorandum within ten days of defendant's filing of the supplemental memorandum. Plaintiff's response shall

---

[1] Plaintiff's motion for remand also asked for attorneys' fees for having to file the motion to remand. The court does not even find it necessary to discuss the motion for attorneys' fees since plaintiff's complaint so clearly alleges a federal cause of action.

**James C. Mahan**
**U.S. District Judge**

- 3 -

be capped in length to the same number of pages as defendant's supplement.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, DECREED that plaintiff's motion to remand (doc. # 7) be, and the same hereby, is DENIED.

IT IS FURTHER ORDERED that defendant's motion for oral argument regarding the motion to remand (doc. # 14) be, and the same hereby, is DENIED.

IT IS FURTHER ORDERED that defendant's motion for leave to file supplemental memorandum (doc. # 22) be, and the same hereby, is GRANTED.

DATED May 17, 2013.

_____
**UNITED STATES DISTRICT JUDGE**