# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

DEMAURIO STEWART,

    Plaintiff(s),

v.

DOLLAR LOAN CENTER, LLC,

    Defendant(s).

2:13-CV-182 JCM (PAL)

## ORDER

Presently before the court is defendant Dollar Loan Center, LLC's, ("Dollar") motion for attorney fees. Plaintiff DeMaurio Stewart has filed a response (doc. # 34) and defendant has filed a reply (#35).

**I.  Background**

This matter arises out of a loan transaction between Dollar and Stewart which contained mandatory arbitration language. Plaintiff filed the complaint on January 15, 2013, in Nevada state court. The matter was removed to this court and an offer of judgment was served on February 6, 2013. Plaintiff did not accept the offer of judgment.

Defendant thereafter filed a motion to enforce the alternative dispute resolution agreements ("ADRA"), which this court granted. (Doc. # 29). In its order, the court concluded that the subject loan agreements required arbitration before proceeding to court, and dismissed the matter without prejudice. (*Id.*).

. . .

**James C. Mahan**
**U.S. District Judge**

## II. Discussion

The defendant now moves for an award of fees in the amount of $24,223.00 and costs of $3,167.88. The court notes that costs in the amount of $3,167.88 have already been taxed against plaintiff. (Doc. # 36).

Defendant offers two grounds upon which it contends it is entitled to fees. First, under 28 U.S.C. § 1927, and second, because plaintiff did not obtain a judgment more favorable than the offer of judgment of $5,001.00.

28 U.S.C. § 1927 permits a court to award attorney fees and costs if counsel "multiplies the proceedings in any case unreasonably and vexatiously. . ." Conduct that may warrant an award under that statute includes instances where an attorney knowingly or recklessly raises a frivolous argument or raises an argument only to harass an opponent. *See Pratt v. California*, 11 Fed.Appx. 833 (9th Cir. 2001). Defendant asserts that sanctions are warranted because plaintiff's counsel "should have understood that any dispute should be in arbitration."

In its opposition to the motion to dismiss, plaintiff claimed that the arbitration clause did not cover the causes of action alleged in the complaint, that the arbitration agreement did not cover unrelated and independent torts, and that it was unconscionable for various reasons.

In the order dismissing this case, the court noted that plaintiff's arguments were "particularly unavailing" before ultimately concluding that the very loan agreements signed by plaintiff clearly provided that the parties must arbitrate before filing a lawsuit. (*See* order doc. # 29). That being said, the court did not find that the filing of the lawsuit was unreasonable or vexatious. The only mention of frivolousness was with respect to a specific evidentiary objection by the plaintiff. This observation did not automatically spill over to the entirety of the action. Although filing the complaint was ill-advised in hindsight, nothing in the court's order indicated that counsel acted recklessly or was attempting to harass the defendant. The court declines to grant sanctions under section 1927.

With respect to the offer of judgment, it remains to be seen whether plaintiff will obtain "a more favorable judgment." The court has dismissed the matter without prejudice so that the parties

**James C. Mahan**
**U.S. District Judge**

- 2 -

1  may engage in the mandatory arbitration agreement.  Because the court has not reached the merits
2  of the claims, there has not been a final judgment as required by Rule 68.

3  **IV.    Conclusion**

4  The court did not find plaintiff acted in a manner unreasonable enough to warrant sanctions.
5  Further, because the matter has been dismissed without prejudice, judgment is not final and
6  enforcing the offer of judgment at this juncture would be premature.

7  Accordingly,

8  IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant's motion for
9  attorney fees (doc. # 32) be, and the same hereby is, DENIED.

10  DATED February 6, 2014.

_____
**UNITED STATES DISTRICT JUDGE**

**James C. Mahan**
**U.S. District Judge**

- 3 -